IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND

IN RE:                                                                    BK. NO: 14-12473
DAWN MICHELE VIGUE THURSTON,                      Chapter 7

               Debtor.

MOTION OF UNITED STATES TRUSTEE
FOR RELIEF FROM AUTOMATIC STAY

     The United States Trustee (the "UST"), respectfully moves this Court pursuant to 11 U.S.C § 362(d) and Rule 4001 of the Fed. R. Bankr. P. for an order granting him relief from the automatic stay. In support of this motion, the United States Trustee respectfully alleges the following:

     1.    In summary, based upon good faith information and belief, the UST alleges that cause exists for relief from the automatic stay for the following reasons:

          i.    Fines payable to the UST pursuant to an Order of this Court are excepted from discharge pursuant to 11 U.S.C. § 523(a)(7);

          ii.    The UST is not seeking payment from the Debtor at this time;

          iii.    This Court has referred certain matters to the U.S. District Court for disciplinary proceedings which arise out of the same facts and circumstances of the UST's claims in this case. The disciplinary proceedings are not stayed. Relief from stay will promote judicial economy by allowing the UST to participate in those proceedings to resolve his claims which arise out of the same facts and circumstances; and

      iv.    The UST has brought a motion seeking fines and injunctive relief against a non-debtor, Attorney Thomas Howard, the Debtor's partner and attorney of record in this case. The UST's action against Attorney Howard arises out of the same facts and circumstances as the UST's claim in this case. Allowing the UST to proceed to liquidate his claims against both Attorney Howard and the Debtor will promote judicial efficiency.

2.    This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding in accordance with 28 U.S.C. § 157(b).

3.    On September 17, 2013, the UST filed a motion in the case of *Sean Patrick Holly and Aura C. Fajardo Quintero*, case no. 13-10985 ("*Holly*"), seeking Return of Fees, Injunctive Relief, and Civil Penalties, Including Suspension of CM/ECF Privileges against Dawn Michele Vigue Thurston ("Debtor"). *See Holly* Doc. #61.

4.    On February 26, 2014, the Court entered a consent order (the "Consent Order") with terms agreed upon by and between the UST and the Debtor, including a fine of $10,000, which was suspended and only becomes payable to the UST upon the violation of the terms of the Consent Order. *See Holly* Docs. # 94 and 97.

5.    On October 22, 2014, the UST filed a motion in the *Holly* case alleging that a material violation of the Consent Order occurred, and seeking an order for the payment of suspended fines of $10,000 to the UST. *See Holly* Doc. # 105.

6.    Also on October 22, 2014 the UST filed a separate motion seeking the return of fees, injunctive relief and civil fines, including the suspension of CM/ECF privileges against the Debtor, Attorney Thomas Howard and their law firm, a general partnership known as Aurora

Law, in the case of *Milka Santana*, case no. 14-11041 ("*Santana*"). See *Santana* Doc. #39. The UST's motions in *Holly* and *Santana* arise out of the same facts and circumstances.

7. On November 6, 2014, the Debtor filed a voluntary petition for relief pursuant to Chapter 7 of the Bankruptcy Code.

8. On November 13, 2014, the Debtor filed an objection to the UST's motion for payment of suspended fines of $10,000 in the *Holly* case at Doc #109. A similar objection was filed in the *Santana* case at Doc. #42.

9. On November 17, 2014, this Court entered Orders of Referral to United States District Court for the District of Rhode Island of possible disciplinary proceedings as to Attorney Howard, Doc# 46, in *Santana* and as to the Debtor, Doc. #114, in *Holly*.

10. The claims of the UST arise from the Debtor's pre-petition conduct in the *Holly* and *Santana* cases. The UST's claim from the *Holly* case is based on the Consent Order. A true and accurate copy of the Consent Order is attached hereto as *Exhibit A*. The Consent Order at page 4 provides:

> ORDERED: that pursuant to 11 U.S.C. §§ 105 and 526, Attorney Thurston is fined a total of $10,000 in connection with the above captioned bankruptcy case and such fines are payable to the United States Trustee. Movant agrees to voluntarily forbear collection of the $10,000 in fines so long as, Attorney Thurston, her agents, partners, servants, employees, associates, or any person or entity in active concert and participation with her, comply with, and do not violate, the terms of this order.

11. The UST has alleged a violation of the Consent Order. The factual predicate of that violation is the same factual predicate for relief in the *Santana* case and the basis of the disciplinary referrals to the U.S. District Court.

12. The Consent Order which was agreed to by the Debtor and entered by the Court is clear: the $10,000 is a fine payable to the UST, a governmental unit. This fine is a civil penalty entered in a core matter pursuant to § 526. A fine or penalty such as this which is punitive or rehabilitative in nature and payable to a government unit is excepted from discharge pursuant to § 523(a)(7). *See Whitehouse v. LaRoche* 277 F.3d 568, 573 (1st Cir. 2002), *citing Kelly v. Robinson*, 479 U.S. 36, 52 (1986).

13. The UST has separate claims against the Debtor which have not been liquidated in the *Santana* case and which may include potential civil fines, an order for return of fees to the debtor in that case as well as equitable relief. This request for equitable relief is presumably the basis of the referral orders to the U.S. District Court. The exercise of the U.S. District Court of its professional licensing authority is not subject to the automatic stay. 11 U.S.C. § 362(b)(2)(D). Allowing a common determination of the facts that form the basis for relief is in the interest of judicial economy.

14. Cause for relief under § 362(d)(1) is not defined within the statute. In *In re: Haines,* 309 B.R. 668, 674 (Bankr. D. Ma. 2004), the Court used a balancing test in determining whether to allow prepetition litigation to continue.

> The test to determine whether an automatic stay should be lifted to allow continuation of a pending lawsuit is whether
>
> a) Any "great prejudice" to either the bankrupt estate or the debtor will result from continuation of a civil suit,
>
> b) the hardship to the [non-bankrupt party] by maintenance of the stay considerably outweighs the hardship of the debtor, and
>
> c) the creditor has a probability of prevailing on the merits of his case.

*Id., Citing In In re Fernstrom Storage and Van Co.*, 938 F.2d 731 (7th Cir.1991).

15. Each of the above factors weighs in favor of granting relief from stay to the UST. As to the first factor, there will be no "great prejudice" to the Debtor. Any proceeding in the U.S. District Court regarding discipline is not stayed and there must be a resolution of the facts in that forum. Additionally, the UST asserts that his claim in the *Holly* case is excepted from discharge and the UST will not seek payment from the Debtor and is only seeking to liquidate his claims.

16. The second factor also weighs in favor of granting relief from stay. The claims in the *Santana* case are not stayed as to Attorney Howard. If relief from stay is not granted, the UST may be forced to litigate the same facts more than once with a resulting waste of judicial resources.

17. The final factor is probability of success on the merits by the UST. A fair reading of the objections filed in the *Holly* and *Santana* cases do not dispute the central issue that respondents filed a document which was purportedly signed by the debtor in that case but which the debtor had not signed and had not authorized.

WHEREFORE, the United States Trustee respectfully requests that the Court enter an order:

A. Granting this Motion;

B. Allowing the UST to proceed on his motions in the *Holly* and *Santana* cases to liquidate his claims;

C. Granting such other and further relief as is just and equitable.

Respectfully submitted,

WILLIAM K. HARRINGTON
United States Trustee for Region One

By: /s/ Gary L. Donahue
Gary L. Donahue
Assistant U.S. Trustee
U.S. Department of Justice
Office of the U.S. Trustee
10 Dorrance Street, Suite 910
Providence, RI 02903
Tel: (401) 528-5551 ext. 100
Fax: (401) 528-5163
E-mail: Gary.L.Donahue@usdoj.gov

Dated: December 9, 2014

WITHIN FOURTEEN (14) DAYS AFTER SERVICE AS EVIDENCED BY THE CERTIFICATION, AND AN ADDITIONAL THREE (3) DAYS PURSUANT TO FED. R. BANK. P. 9006(F) IF SERVED BY MAIL, ANY PARTY AGAINST WHOM SUCH PAPER HAS BEEN SERVED, OR ANY OTHER PARTY WHO OBJECTS TO THE RELIEF SOUGHT, SHALL SERVE AND FILE AN OBJECTION OR OTHER APPROPRIATE RESPONSE TO SAID PAPER WITH THE BANKRUPTCY COURT CLERK'S OFFICE, 380 WESTMINSTER STREET, 6TH FLOOR, PROVIDENCE, RI 02903, (401) 626-3100. IF NO OBJECTION OR OTHER RESPONSE IS TIMELY FILED, THE PAPER WILL BE DEEMED UNOPPOSED AND WILL BE GRANTED UNLESS: (1) THE REQUESTED RELIEF IS FORBIDDEN BY LAW; (2) THE REQUESTED RELIEF IS AGAINST PUBLIC POLICY; OR (3) IN THE OPINION OF THE COURT, THE INTEREST OF JUSTICE REQUIRES OTHERWISE.

**Certification of Service**

      I hereby certify that on December 9, 2014, I electronically filed the Motion for Relief from Stay in the above captioned matter with the Clerk of the Bankruptcy Court for the District of Rhode Island using the CM/ECF System. The following participant has received notice electronically:

Stacy B. Ferrara    stacyferrara@earthlink.net, RI11@ecfcbis.com;sferraralaw@hotmail.com
Thomas J. Howard    bankruptcy2011@gmail.com,
bankruptcy2012@gmail.com;tjhesquire@yahoo.com;wmurf22@yahoo.com

                                          /s/ *Gary L. Donahue*
                                          Gary L. Donahue