UNITED STATES BANKRUPTCY COURT
DISTRICT OF RHODE ISLAND

In re: )
)
SEAN PATRICK HOLLY and )
AURA C. FAJARDO QUINTERO, ) Chapter 7
) Case No. 13-10985
Debtors )

**AMENDED CONSENT ORDER GRANTING IN PART THE UNITED STATES TRUSTEE'S MOTION SEEKING CIVIL FINES, DISGORGEMENT OF FEES, INJUNCTIVE RELIEF AND SUSPENSION OF CM/ECF PRIVILEGES**

Upon the Motion of the United States Trustee seeking civil fines, disgorgement of fees, injunctive relief and suspension of CM/ECF privileges, ("U.S. Trustee's Motion"), and it appearing that the United States Trustee, and Attorney Dawn M. Vigue Thurston, Esq. ("Attorney Thurston"), have reached an agreement as to the UST Motion.

The United States Trustee and Attorney Thurston hereby represent and stipulate to the following:

1. Attorney Thurston acknowledges that this consent order may impact the attorney's ability to practice in the U.S. District Court as well as the Bankruptcy Court, and that pursuant to District Court LR Gen 214, reciprocal discipline may be imposed.

2. Attorney Thurston acknowledges that pursuant to District Court LR Gen 203(b), the attorney has a self-reporting notice requirement to the District Court of this order.

3. Attorney Thurston acknowledges that notice of this consent order will also be provided by the Bankruptcy Court to the District Court as well as to the State

Page 1 of 7

Disciplinary Authority and that such notice will be reflected on the bankruptcy case docket.

4. Attorney Thurston acknowledges that she is represented by Attorney Peter G. Berman and that she has voluntarily entered into this Consent Order;

5. Attorney Thurston was paid $850 in connection with this case and has since returned all payments to the Debtors in this case.

6. Attorney Thurston acknowledges that she did not have original ink signatures of the Debtors in this case on a voluntary petition at the time the petition was filed.

7. Attorney Thurston acknowledges that she did not have original ink signatures of Debtors on the following documents in this case at the time they were filed:

    A.     Voluntary Petition, Dkt. #1 page 3.
    B.     Statement of Compliance with Credit Counseling, Dkt. #1, page 5.
    C.     Statement of Compliance with Credit Counseling Dkt. #1, page 7.
    D.     Application to Pay Filing Fee in Installments, Dkt. #2, page 1.
    E.     Motion to Extend Time to File Missing Documents, Dkt. #10.
    F.     Motion to File Out of Time, Dkt. #13.
    G.     Declaration Concerning Debtor's Schedules, Dkt. #16, page 19.
    H.     Declaration Under Penalty of Perjury, (SOFA) Dkt #16, page 25.
    I.     Chapter 7 Individual Debtor's Statement of Intention, Dkt. #16, page 26.
    J.     Certification of Notice to Consumer Debtor(s), Dkt. #16, page 30.
    K.     Verification of Creditor Matrix, Dkt. #16, page 31.
    L.     Chapter 7 Statement of Currently Monthly Income and Means Test Calculation (official Form 22A), Dkt. # 17, page 7.
    M.    Declaration Concerning Debtor's Schedules, Dkt. #22, page 33.
    N.     Declaration Under Penalty of Perjury, (SOFA) Dkt. #22, page 39.
    O.     Chapter 7 Individual Debtor's Statement of Intention, Dkt. #22, page 40.
    P.     Certification of Notice to Consumer Debtor(s), Dkt. #22, page 44.
    Q.     Verification of Creditor Matrix, Dkt. #22, page 45.
    R.     Motion to Vacate Order Dismissing Case, Dkt. 24.
    S.     Chapter 7 Statement of Current Monthly Income and Means Test Calculation (official Form 22A), Dkt. #25, page 7.
    T.     Chapter 7 Individual Debtor's Statement of Intention, Dkt. #37, page 11.
    U.     Certification of Notice to Consumer Debtor(s), Dkt. #37, page 15.
    V.     Amended Schedule F, Dkt. #38, page 17.
    W.    Declaration Concerning Debtor's Schedules – Amended, Dkt. #38,

        page 23.

  X.    Declaration Under Penalties of Perjury, (SOFA), Dkt. #38, page 29.

  Y.    Amended Chapter 7 Statement of Current Monthly Income and Means Test Calculation (Official Form 22A), Dkt. #39, page 7.

8. Attorney Thurston acknowledges she has engaged in a pattern or practice of filing petitions, schedules and documents with the U.S. Bankruptcy Court without obtaining ink signatures. of the respective debtors.

9. Should the Court reject this Consent Order, the undersigned parties shall be free to proceed litigating the merits of U.S. Trustee's Motion;

10. This order shall be deemed a final adjudication of all matters addressed in this Consent Order;

11. This Consent Order constitutes the entire agreement between the undersigned parties with respect to this matter;

12. This Consent Order is intended to settle a disputed motion, and nothing contained herein or omitted herefrom constitutes an admission of wrong doing. Except as specifically provided herein this Order does not limit the right of Attorney Thurston to engage in the practice of law.

13. Attorney Thurston acknowledges and agrees that the United States Trustee has not made and/or given any other representation, promise, inducement, or reward, and/or given or promised to give any other consideration of any kind whatsoever to Attorney Thurston, or anyone else on her behalf, in connection with this Consent Order;

14. The parties specifically waive any right to appeal this Consent Order.

Now therefore it is hereby:

ORDERED: that the UST Motion is granted with the granting of relief as is stipulated herein; It is further

ORDERED: that effective upon the entry of this Order, Attorney Thurston and any person or entity acting in concert with her directly or indirectly is:

A: permanently enjoined from filing with the U.S. Bankruptcy Court petitions, lists, schedules, statements, amendments and documents that have not been verified or contain an unsworn declaration as provided in 28 U.S.C. 1746 without first obtaining an original signature s of the debtors. and future bankruptcy debtor clients.

B: permanently enjoined from violating R.I. L.B.R. 5005-4(j) by failing to retain the original documents containing the original signatures for two (2) years after ~~the case is closed.~~ of bankruptcy debtor clients their bankruptcy cases are closed.

C: permanently enjoined from filing applications to pay filing fees in installments in cases where she has collected the filing fee prior to filing a bankruptcy case.

D. permanently enjoined from failing to provide her bankruptcy clients with a clear and conspicuous written notice as required by 11 U.S.C. §§ 342(b)(1) and 527(a).

E. permanently enjoined from failing to provide her bankruptcy clients with an executed written contract that clearly and conspicuously explains the services Attorney Thurston is to provide to them, the fees or charges for such services, and the terms of payment for such services as required by 11 U.S.C. § 528.

ORDERED: that pursuant to 11 U.S.C. §§ 105 and 526, Attorney Thurston is fined a total of $10,000 in connection with the above captioned bankruptcy case and such fines are payable to the United States Trustee. Movant agrees to voluntarily forebear collection of the $10,000 in fines so long as, Attorney Thurston, her agents, partners, servants, employees, associates, or any

person or entity in active concert and participation with her, comply with, and do not violate, the terms of this order. It is further

ORDERED that $10,000 in fines shall be due and payable immediately by Attorney Thurston upon a determination of this Court after notice and an opportunity for hearing that a material violation of this order and the terms set forth herein has occurred. It is further

ORDERED that pursuant to Local Rule 5005-4(C)(iv)(3) the Clerk of the U.S. Bankruptcy Court shall revoke the CM/ECF filing privileges of Attorney Thurston for one a year period effective upon entry of this order. This revocation shall have no effect upon the cm/ecf filing privileges of attorneys in partnership with her. It is further

ORDERED that as to any case in which Attorney Thurston currently represents a party before the U.S. Bankruptcy Court for the District of Rhode Island that she shall forthwith arrange for another attorney with cm/ecf privileges to complete any necessary court filings or request permission from the U.S. Bankruptcy Court to complete those representations without cm/ecf privileges.

ORDERED that Attorney Thurston, her agents, partners, servants, employees, associates, or any person or entity in active concert and participation with her shall attach scanned copies of documents bearing debtor(s)'s original signatures for those documents requiring verification pursuant to Fed. R. Bankr. P. 1008. The requirement to attach scanned original signatures shall be in addition to the requirements of Local Rule 5005-4 ~~5004~~ and shall apply to bankruptcy cases filed in the District of Rhode Island after the entry of this Order.

ORDERED that the one year suspension of cm/ecf privileges shall continue beyond the initial one year period until such time as Attorney Thurston has completed 20 hours of continuing legal education; 10 on consumer bankruptcy issues and 10 on legal ethics from

recognized non-profit legal education entities such as but not limited to: Rhode Island Bar Association, American Bankruptcy Institute or any similar organization and filed proof of such attendance with this Court. It is further

ORDERED that the above continuing legal education requirement 1) shall be completed within one year of the entry of this Amended Consent Order; 2) shall include at least one class in basic **consumer** bankruptcy law, 3) shall include at least one class on case management, and 4) Attorney Thurston shall file in four months **from the entry of this order** a status report on her efforts to locate and complete a case management course. The status report shall include a description of the case management course. **Attorney Thurston shall file Certificates of Completion of such CLE courses with the United States Trustee upon completion of each such course.**

ORDERED that this is the final disposition of the above-captioned matter.

Signed at Providence, Rhode Island this 26th day of February, ~~2013~~ 2014. *

AGREED AS TO SUBSTANCE

AND FORM:

* This amended consent order is entered after hearing held on January 31, 2014, based on cause found by the Court as stated on the record and for the resons so stated, and conforms to the stated conditions required by the Court in order to resolve this matter by the parties consensually and be approved by the Court.

Page 6 of 7

WILLIAM K. HARRINGTON
United States Trustee for Region One

By: /s/ Gary Donahue
Gary L. Donahue
Assistant U.S. Trustee
U.S. Department of Justice
10 Dorrance Street, Suite 910
Providence, RI 02903
Tel: (401) 528-5551 x 100
Fax: (401) 528-5163
E-mail: Gary.L.Donahue@usdoj.gov

AGREED AS TO SUBSTANCE
AND FORM:

/s/ Dawn M. Vigue Thurston
Dawn M. Vigue Thurston
Aurora Law
40 Webb St.
Cranston, RI 02920-7923
(401) 942-6550
Fax : (855) 287-6720
Email: bankruptcy2011@gmail.com

For Dawn M. Vigue Thurston Esq.

/s/ Peter G. Berman, Esq
Peter G. Berman
Raskin & Berman
117 East Manning Street
Providence, RI 02906
Telephone (401) 421-1363
Facsimile (401) 273-6534
mail@raskinberman.com


ACCEPTED, APPROVED, ENTER

/s/ Diane Finkle 02/26/2014                                    Dated: February 26, 2014
Honorable Diane Finkle,
U.S. Bankruptcy Judge

6

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF RHODE ISLAND

---

In re: Sean Patrick Holly and                                  Chapter: 7
Aura C. Fajardo Quintero

Debtors,                                                       Case No: 13-10985

---

## Order Supplementing Amended Consent Order [Doc. #94]

On February 26, 2014, this Court approved, with modifications, the parties' Amended Consent Order (Doc. # 94), in the above entitled case. Today's order serves to supplement the provision contained in said Order, located on page 5, which reads:

> ORDERED that Attorney Thurston, her agents, partners, servants, employees, associates or any person or entity in active concert and participation with her shall attach scanned copies of documents bearing debtor(s)'s original signatures for those documents requiring verification pursuant to Fed.R.Bankr.P 1008. The requirement to attach scanned original signatures shall be in addition to the requirements of Local Rule 5005-4 and shall apply to bankruptcy cases filed in the District of Rhode Island after the entry of this Order.

The following additional provisions are added to the final sentence of the above paragraph:

> *and to all similar type documents filed in the future in all currently open pending cases of Attorney Thurston, her agents, partners, servants, employees, associates or any person or entity in active concert and participation with her.*

Thus, this paragraph is now amended in its entirety to provide:

> ORDERED that Attorney Thurston, her agents, partners, servants, employees, associates or any person or entity in active concert and participation with her shall attach scanned copies of documents bearing debtor(s)'s original signatures for those documents requiring verification pursuant to Fed.R.Bankr.P 1008. The requirement to attach scanned original signatures shall be in addition to the requirements of Local Rule 5005-4 and shall apply to bankruptcy cases filed in the District of Rhode Island after the entry of this Order, and to all similar type documents filed in the future in all currently open pending cases of Ms. Thurston, her agents, partners, servants, employees, associates or any person or entity in active concert and participation with her.

*/s/ Diane Finkle*
**UNITED STATES BANKRUPTCY JUDGE**
Dated: 2/28/2014

**Entered on Docket:** 2/28/2014